IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | 4:06cv3008 |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Billy Tyler, a prisoner in the custody of the Nebraska Department of Correctional Services ("§ 2254 petition"). The petitioner challenges his projected date for release from custody, arguing that his sentence began in 1995 and expired in 2005.

The petitioner has previously filed § 2254 petitions regarding the sentence he is presently serving, including presenting the identical issue in Case No. 4:05cv3144, which is currently pending before Senior District Judge Lyle E. Strom. Therefore, the above-entitled case is a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition. See generally Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998):

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. Felker v. Turpin, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

"The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" Felker v. Turpin, 518 U.S. 651, 664 (1996). The petitioner's current § 2254 petition has not been authorized

1

by the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b). Consequently, this action and the § 2254 petition will be dismissed, without prejudice to reassertion of a subsequent § 2254 petition if authorized in advance by the Eighth Circuit Court of Appeals.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by the petitioner, Billy Tyler, is dismissed; and

2. That a separate judgment will be entered accordingly.

DATED this 9th day of January, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge